RECEIVED
IN ALEXANDRIA, LA.

FEB - 1 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHNNY RAY CHANDLER | DOCKET NO. 09-cv-1902; SEC. P |
| FED. REG. NO. 11977-007 | |
| VERSUS | JUDGE DEE D. DRELL |
| FEDERAL BUREAU OF PRISONS, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

---

IMPORTANT NOTICE: COURTESY COPIES OF DOCUMENTS YOU FILE
SHOULD **NOT** BE PROVIDED TO ANY JUDGE.
ALL COMMUNICATIONS WITH THE COURT SHALL **ONLY** BE
THROUGH DOCUMENTS FILED WITH THE CLERK OF COURT.

---

## MEMORANDUM ORDER

*Pro se* petitioner Johnny Ray Chandler filed the instant civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] on November 4, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), and he is presently confined at the Federal Corrections Institute, Oakdale, Louisiana (FCIO). He complains about disciplinary convictions that occurred while he was housed at the United States Penitentiary in Pollock, Louisiana (USPP). Plaintiff was granted leave to proceed *in forma pauperis* on November 10, 2009.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

Further review of the court records reveals that since his incarceration, Chandler has filed numerous rights suits, and at least three of those complaints and/or appeals were dismissed as frivolous.[2]

28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

Plaintiff makes no factual allegations to support a finding that he is "...in imminent danger of serious injury." Plaintiff is not eligible to proceed *in forma pauperis* in this matter. Therefore, **IT IS ORDERED** that plaintiff's *in forma pauperis* status [Doc. #3] is hereby **REVOKED** and **RESCINDED;**

**IT IS FURTHER ORDERED** that in order for this complaint to remain viable, Plaintiff must pay the full filing fee of $350.00 within twenty (20) days from the date of this order. **FAILURE TO PAY**

---

[2] "Mr. Chandler does not dispute that he filed at least three actions that were dismissed as frivolous or malicious, or for failure to state a claim...." Ibrahim v. District of Columbia, 208 F.3d 1032, 1033 (C.A.D.C., 2000), citing Chandler v. District of Columbia Department of Corrections, No. 95-2366, slip op. at 2-6 (D.D.C. March 11, 1996) (recounting numerous dismissals of complaints filed by Chandler).

**THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.**

    **THUS DONE AND SIGNED** at Alexandria, Louisiana this 1st day of February, 2010.

                                                JAMES D. KIRK
                                                UNITED STATES MAGISTRATE JUDGE